IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2015 JUL 31 PM 2: 14

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| RODNEY JOHN RAMIREZ, | § | |
| TDCJ # 864913, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-14-CV-450-DB |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Rodney John Ramirez's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). In his petition, Ramirez, a state prisoner at the Clements Unit in Amarillo, Texas, challenges a 1989 conviction in the 243rd Judicial District Court of El Paso County, Texas,[1] in cause number 54210 for theft of over $750.00.[2] Ramirez claims the trial court erred and his counsel provided constitutionally ineffective assistance. Stephens maintains Ramirez's "claims are barred by the statute of limitations."[3] Ramirez replies the Court should equitably toll the limitations to avoid a miscarriage of justice.[4] For the reasons discussed below, the Court agrees that Ramirez's petition

---

[1] *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000) ("the application may be filed in the district court for the district . . . within which the State court was held which convicted and sentenced him").

[2] *State v. Ramirez*, Cause No. 54210 (890D01117) (243rd Dist. Ct. El Paso Cnty., Tex. Apr. 6, 1989). *But see Ex parte Ramirez*, WR-25,057-11 (Tex. Crim. App. July 9, 2014) (indicating that Ramirez has discharged this sentence).

[3] Resp't's Answer 1, ECF No. 23, Apr. 7, 2015.

[4] Pet'r's Reply 2, ECF No. 30, May 18, 2015.

is time barred.  Accordingly, the Court will deny Ramirez's § 2254 petition.  Additionally, the Court will deny Ramirez a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Stephens retains custody of Ramirez pursuant to a judgment and sentence of the 120th Judicial District Court of El Paso County, Texas, in cause number 980D11615, entered on February 23, 1999.[5]  In that cause, the State charged Ramirez by indictment with two counts of burglary of a habitation, and alleged two prior convictions—including his 1989 conviction in cause number 54210—for the purpose of enhancing his sentence.  The first enhancement paragraph apparently indicated—erroneously—that the conviction in cause number 54210 was for burglary of a habitation, not theft of over $750.00.  A jury found Ramirez guilty as charged on both counts.  The trial court then heard evidence on punishment, found the enhancement allegation for burglary of a habitation untrue, and assessed punishment at eighty-one years' imprisonment.[6]

In his § 2254 petition, Ramirez does not challenge his convictions in cause number 980D11615.  Rather, he attacks the judgment and sentence from the 243rd Judicial District Court of El Paso County, Texas, in case number 54210.  In that case, the grand jury returned a three-count indictment charging Ramirez with burglary of a habitation ("counts one and two") and theft of over $750.00 ("count three").[7]  On April 6, 1989, Ramirez pleaded guilty to theft of over

_____

[5] *See Ramirez v. Thaler*, EP-08-CV-00009-FM (W.D. Tex. Aug. 27, 2010), *certif. denied*, No. 10-50946 (5th Cir. June 14, 2011) (denying Ramirez's petition for a writ of habeas corpus).

[6] *See* Pet'r's Reply, Ex. 4 (Trial Tr.), p. 12 ("THE COURT: Okay, from the evidence that has been presented, it's the Court's finding that the evidence does not support a finding of true as to the enhancement paragraph one on the burglary of a habitation.  The evidence supports a finding of true as to the enhancement paragraph on the aggravated robbery.").

[7] Clerk's R. 7–9 (Indictment, State v. Ramirez), ECF No. 22-8, Apr. 7, 2015.

$750.00. The trial court accepted his plea, dismissed remaining counts against him, and sentenced him to six years' confinement in the Texas Department of Criminal Justice. Ramirez did not appeal. The original judgment indicated that the trial court had found Ramirez guilty of burglary of a habitation.[8] On April 20, 1990, the trial court entered a judgment nunc pro tunc, which increased the jail time credited, removed the inaccurate reference to the offense being a burglary of a habitation, and specified that the plea occurred in the 243rd Judicial District Court, not the 205th Judicial District Court, as some of the plea paperwork indicated.[9] The trial court entered a second judgment nunc pro tunc on December 4, 1991, to reflect that the theft of over $750.00 was also in an amount less than $20,000.[10]

Many years later, Ramirez attempted to file a state application for a writ of habeas corpus. Ultimately, the district clerk sent Ramirez the correct form, and Ramirez mailed a properly completed a petition to the trial court on March 28, 2013. The Court of Criminal Appeals dismissed the application on July 9, 2014, noting that Ramirez had already discharged the sentence.[11] The instant federal petition followed on November 24, 2014.

Mindful of Ramirez's *pro se* status,[12] the Court understands him to assert two claims. He first contends the magistrate judge who acted on behalf of the district court in this matter "lacked

---

[8] *Id.* at 15 (Judgment on Plea).

[9] *Id.* at 17 (Judgment Nunc Pro Tunc).

[10] Pet'r's Pet. 38 (Order Entering Judgment Nuc Pro Tunc), ECF No. 1, Dec. 9, 2014.

[11] State Writ R. Action Taken, ECF No. 22-5, Apr. 7, 2015.

[12] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

-3-

jurisdictional authority to adjudicate him guilty."[13]  He then maintains his trial counsel provided constitutionally ineffective assistance when he failed investigate and determine that the trial court "lacked jurisdictional authority to adjudicate him guilty."[14]

Stephens does not assert in his answer that Ramirez's petition is successive.  He also does not suggest that Ramirez failed to exhaust his state remedies.  He does, however, argue that the statute of limitations bars Ramirez's petition.

## APPLICABLE LAW

### A.    28 U.S.C. § 2254

"[C]ollateral review is different from direct review,"[15] and the writ of habeas corpus is "an extraordinary remedy"[16] reserved for those petitioners whom "society has grievously wronged."[17]  It "is designed to guard against extreme malfunctions in the state criminal justice system."[18]  Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow.  "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[19]  They must generally defer to state court decisions on the merits[20] and on

---

[13] Pet'r's Pet. 6, ECF No. 1, Dec. 9, 2014.

[14] *Id.*

[15] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[16] *Id.*

[17] *Id.* at 634.

[18] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[19] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[20] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

procedural grounds.[21]  They may not grant relief to correct errors of state constitutional, statutory,

or procedural law, unless a federal issue is also present.[22]

### B.    Limitations

Claims under § 2254 are generally subject to a one-year statute of limitations.[23]  The

limitations period runs from the latest of four different events: (1) when "the judgment became

final," (2) when "the impediment to filing an application created by the State action in violation

of the Constitution and laws of the United States is removed, if the applicant was prevented from

filing by such State action," (3) when "the constitutional right asserted was initially recognized

by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4)

when "the factual predicate of the claim or claims presented could have been discovered through

the exercise of due diligence."[24]

The limitations period is tolled by statute when "a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending."[25]  Additionally, the limitations period is not jurisdictional and is subject to equitable

tolling.[26]  Equitable tolling is not, however, available for "'garden variety claims of excusable

---

[21] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[22] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[23] *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[24] *Id.* §§ 2244(d)(1)(A)–(D).

[25] *Id.* § 2244(d)(2).

[26] *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

neglect.'"[27]  It is justified only "'in rare and exceptional circumstances.'"[28]  Such circumstances

include situations in which a petitioner is actively misled by the respondent "'or is prevented in

some extraordinary way from asserting his rights.'"[29]  Moreover, "'[e]quity is not intended for

those who sleep on their rights.'"[30]  Rather, "'[e]quitable tolling is appropriate where, despite all

due diligence, a plaintiff is unable to discover essential information bearing on the existence of

his claim.'"[31]  Furthermore, a petitioner has the burden of proving that he is entitled to equitable

tolling.[32]  In order to satisfy his burden, he must show "'(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his

§ 2254 motion.[33]  Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the

district court" and reviewed only for an abuse of discretion.[34]  The limitation and the tolling

provisions of § 2244 "promote[] the exhaustion of state remedies while respecting the interest in

---

[27] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[28] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[29] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[30] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[31] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[32] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[33] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[34] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

the finality of state court judgments."[35]

With these principles in mind, the Court turns to Ramirez's petition.

## ANALYSIS

As an initial matter, Ramirez does not indicate that any unconstitutional "State action" prevented him from filing for federal relief.[36]  Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[37] Moreover, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction.[38]  Thus, Ramirez's limitations period began to run when his judgment of conviction became final.[39]

Ramirez was convicted on April 6, 1989, and, because he did not file a notice of appeal, his conviction became final thirty days later.[40]  Since this date fell on a Saturday, Ramirez had until Monday, May 8, 1989, to file notice of appeal.[41]  Thus, absent periods of statutory tolling, the limitations period for filing a § 2254 petition expired one year after that date, on Tuesday, May 8, 1990.[42]

---

[35] *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (quoting *Duncan v. Walker*, 533 U.S. 167, 178 (2001)).

[36] 28 U.S.C. § 2244(d)(1)(B).

[37] *Id.* § 2244(d)(1)(C).

[38] *Id.* § 2244(d)(1)(D).

[39] *Id.* § 2244(d)(1)(A).

[40] Tex. R. App. P. 26.2(a).

[41] Tex. R. App. P. 4.1(a); 26.2(a).

[42] *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in 28 U.S.C. §2244(d)).

"The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation under this subsection."[43]  Because Ramirez filed his state writ application on March 28, 2013—well after the limitations period had expired—it did not toll the limitations period.[44]

A petitioner seeking equitable tolling of an untimely habeas petition bears the burden of establishing both " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[45]  As discussed above, Ramirez had until May 8, 1990, to file a timely federal petition for writ of habeas corpus. Ramirez's instant petition, signed and presumably placed in the prison mail system on November 24, 2014, is over twenty-four years—nearly a quarter of a century—too late.[46]  Moreover, not only has Ramirez been aware of his claims since the time of his sentencing in 1989, but also he previously challenged the use of this conviction to enhance his sentence associated with his burglary convictions in 1999.[47]  Ramirez has clearly failed to act with due diligence.[48]

---

[43] 28 U.S.C. § 2244(d)(2).

[44] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).

[45] *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[46] A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[47] *See Ramirez v. Thaler*, EP-08-CV-00009-FM (W.D. Tex. Aug. 27, 2010), *certif. denied*, No. 10-50946 (5th Cir. June 14, 2011) (denying Ramirez's petition for a writ of habeas corpus).

[48] *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000) (explaining a habeas petitioner must pursue the habeas "process with diligence and alacrity").

Furthermore, Ramirez's case does not present the type of extraordinary circumstances required for equitable tolling.[49]  Nothing in the record suggests the State misled Ramirez about the filing date.  Ramirez offers no explanation for his delay other than his belief that the underlying merits of his claims justify the Court granting him relief.  Finally, Ramirez has already discharged the sentence.[50]  Accordingly, the Court finds that Ramirez cannot carry his burden of establishing that equitable tolling is warranted.[51]

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[52]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[53]  In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[54]  Although Ramirez has not yet filed a notice of appeal, this Court must nonetheless address

---

[49] *Howland v. Quarterman*, 507 F.3d 840, 845–46 (5th Cir. 2007).

[50] State Writ R. Action Taken, ECF No. 22-5, Apr. 7, 2015.

[51] *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (explaining the party seeking equitable tolling has burden of showing entitlement to such tolling).

[52] 28 U.S.C. § 2253(c)(1).

[53] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[54] *See* 28 U.S.C. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

whether he is entitled to a certificate of appealability.[55]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[56] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[57] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[58] Here, Ramirez is not entitled to a certificate of appealability because jurists of reason would not find the Court's procedural rulings debatable.

## CONCLUSION AND ORDERS

After carefully reviewing the record, the Court finds that Ramirez's claims are time-barred and that he is not entitled to equitable tolling. The Court therefore concludes that Ramirez is not entitled relief under § 2254. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Ramirez's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

---

[55] *See* 28 U.S.C. foll. §2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[56] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[57] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[58] *Id.*

**IT IS FURTHER ORDERED** that Ramirez is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this _31st_ day of _July_ 2015.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE